IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HILDA L. SOLIS,

Plaintiff,

No. 2:11-cv-01706 JAM JFM (PS)

vs.

ORLAND SAND & GRAVEL CORP.,

Defendant.

ORDER TO SHOW CAUSE

______________________________________/

Pending before the court is plaintiff's Motion for Order to Show Cause Regarding Civil Contempt. ECF No. 51. The motion alleges that defendant Orland Sand & Gravel Corp. ("OSG") and its owner, Dale Bogart ("Bogart"), have refused to comply with the Permanent Injunction entered by District Judge John A. Mendez (ECF No. 47), which requires them to permit inspection of their mine by representatives of the Department of Labor. Plaintiff seeks (1) an order directing OSG and Bogart to show cause why they should not be held in contempt; and (2) an order holding them in civil contempt and imposing appropriate sanctions.[1] Pursuant

[1] Plaintiff's proposed sanctions include enjoining OSG's mining operations for (12) months, issuing monetary sanctions of $50,000, and incarcerating Bogart for not less than 30 days. Plaintiff proposes that these sanctions, with the exception of a portion of the monetary sanctions, be suspended so long as OSG complies with the Permanent Injunction and permits inspection of the mine by the Secretary.

28 U.S.C. § 636(b), the undersigned has the authority to certify the facts of the contempt to the district court and to issue an order directing defendant to show cause before the district judge why he should not be held in contempt. See Alcalde v. NAC Real Estate Investments & Assignments, Inc., 580 F. Supp. 2d 969 (C.D. Cal. Aug. 4, 2008).

The hearing on plaintiff's motion for an order to show cause (ECF No. 51) was held on June 19, 2013. Joseph Lake appeared on behalf of plaintiff. Defendant, who was properly served with the motion (see ECF No. 54), made no appearance and filed no objection to the motion.[2] Upon review of the documents in support of the motion, upon hearing the arguments of plaintiff's counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

**CERTIFIED FACTS**

The following background facts were set forth by the assigned magistrate judge in the January 8, 2013 findings and recommendations recommending granting plaintiff's motion for default judgment:

> Plaintiff, Hilda A. Solis, the Secretary of Labor, filed this complaint against the defendant, Orland Sand & Gravel Corp. ("Orland"), on June 24, 2011 seeking injunctive relief pursuant to the Federal Mine Safety & Health Act ("the Act"). Plaintiff asserts that defendant operates a sand and gravel crushing operation in Orland, California and that the operation constitutes a mine as defined by the Act. The complaint asserts that the Act gives the Secretary of Labor's representatives the right to enter mine property to conduct safety and health inspections. The complaint alleges that plaintiff's inspectors have been prevented by defendant from conducting safety and health inspections [at] defendant's operation site. Defendant was issued citations by the plaintiff for its failure to comply but still refused to allow plaintiff's inspectors to inspect the site.
>
> . . . .
>
> On June 27, 2011, the district judge issued a temporary restraining

[2] The court notes that Mr. Bogart attempted to file documents which were received on June 14, 2013. However, these documents were returned pursuant to the court's July 23, 2012, order indicating no further filings will be accepted from defendant "unless they are filed by a licensed attorney." ECF No. 35.

> order against defendant. Specifically, the court determined that: (1) there is reasonable grounds to believe that the defendant has violated and is continuing to violate the Act by denying entry to an authorized representative of plaintiff to inspect the site; (2) the court has jurisdiction and the power to restrain defendant from continuing to violate the Act; and (3) the public interest will be irreparably harmed unless the defendant is restrained from continuing to violate the Act. (See Dkt. No. 5 at p. 2.) Accordingly, the court temporarily restrained defendant from (1) denying representatives of plaintiff from entry to permit inspection of defendant's site; (2) refusing to permit inspection of the site; and (3) interfering with, hindering and delaying plaintiff's representatives from carrying out the provisions of the Act. (See id.)
>
> On June 29, 2011, the court granted a preliminary injunction in favor of plaintiff and against defendant which included the same injunctive relief as the temporary restraining order described above. The court further held that the "[p]reliminary injunction shall remain in full force and effect until such time as the merits of Plaintiff's Complaint have been resolved, or upon order of the court." (Id. at p. 2.) . . . .
>
> The summons and complaint were served on defendant by personal service on November 16, 2011. (See Dkt. No. 17.) On December 9, 2011, the matter was referred back by the undersigned to the district judge after it was noted that defendant is a corporation. Defendant attempted to appear in this action through its president/owner Dale Roy Bogart, which was improper as he was not counsel. (See Dkt. No. 19.)
>
> After defendant did not file an answer, plaintiff requested entry of default. (See Dkt. No. 20.) The clerk entered default on January 18, 2012. (See Dkt. No. 21.) On March 7, 2012, defendant filed a motion to vacate default and a motion to dismiss for lack of jurisdiction through its company president, Bogart. (See Dkt. No. 24.) On April 5, 2012, plaintiff filed a motion for summary judgment. (See Dkt. No. 26.) The court struck defendant's motion to vacate the default as it was not filed through an attorney as required by law. Furthermore, the court struck plaintiff's motion for summary judgment as moot. (See Dkt. No. 35.)
>
> On September 13, 2012, plaintiff filed a motion for default judgment. Defendant did not file a response to the motion for default judgment nor did it appear at the hearing on the motion conducted on December 20, 2012.

ECF No. 44 at 1-3. The court adopted the findings and recommendations on March 12, 2013, granting default judgment to plaintiff. ECF No. 47. The court granted the following injunctive relief to plaintiff:

> a. Defendant Orland Sand & Gravel Corporation has violated Sections 103 and 104(b) of the Act by denying entry to authorized representatives of the Secretary of Labor to inspect Defendant's mine and will continue to violate Sections 103 and 104(b) of the Act absent action by the court;
>
> b. Under Section 108(a) of the Act, 30 U.S.C. § 818(a), this court has the jurisdiction and the power to enjoin the Defendant from continuing to violate Sections 103 and 104(b) of the Act;
>
> c. The public interest will be irreparably harmed unless Defendant Orland Sand & Gravel Corporation is enjoined from continuing to violate Sections 103 and 104(b) of the Act.
>
> d. Defendant, its agents, servants, employees, and those persons in active concert or participation with it, are permanently enjoined from violating Section 103 of the Act by denying authorized representatives of the Secretary entry to and to permit the inspection of the Orland Sand and Gravel Corporation mine operated by the Defendant; refusing to permit inspection of the mine and related equipment; and interfering with, hindering and delaying the Secretary of Labor or her authorized representatives from carrying out the provisions of the Act;
>
> e. Defendant, its agents, servants, employees, and those persons in active concert or participation with it, are permanently enjoined from violating Section 104(b) of the Act by refusing to comply with Order of Withdrawal No. 8613142; and
>
> f. This permanent injunction shall be served on the defendant or its attorney.

ECF No. 47 at 2-3 ("permanent injunction"). Default judgment was entered against defendant. ECF No. 48. The default judgment and order adopting findings and recommendations were served by mail on defendant on March 12, 2013. On March 22, 2013, the envelope containing the default judgment and order was returned with "rejected for fraud" written on it.[3]

On March 22, 2013, defendant filed a document styled as a "Verified Invoice and Billing Statement" addressed to the court. ECF No. 49. This document was returned to defendant pursuant to the court's prior order that no filings shall be accepted from defendant unless they are filed by a licensed attorney. See ECF No. 35.

---

[3] The court notes there are eleven notations on the docket of mail being returned for reasons such as "rejected for fraud," or "refused for fraud fictitious address 18:1341-142."

The following facts are certified on the basis of the sworn declarations of Jerry Husley, Federal Mine Safety and Health Supervisor/Mine Inspector with the Mine Safety and Health Administration ("MSHA") of the Department of Labor (ECF No. 51-2, hereafter "Hulsey Decl."), and of Deputy U.S. Marshal Frank Newsom (ECF No. 52, hereafter "Newsom Decl."). Both declarations were filed in support of the motion. Because defendant did not appear and contest the accuracy of the declarations, no live testimony from these witnesses was necessary. See Peterson v. Highland Music, Inc., 140 F.3d 1313, 1324 (9th Cir.) (where alleged contemnor fails to controvert affidavits, evidentiary hearing unnecessary), cert. denied, 525 U.S. 983 (1998).

On April 2, 2013, mine inspector Hulsey and MSHA investigator Jason Jeno went to the OSG facility near Orland, California to conduct a health and safety inspection. Hulsey Decl. ¶ 2. Hulsey and Jeno showed their MSHA credentials and the permanent injunction to the office secretary. Hulsey Decl. ¶ 3. When they asked to see Bogart, they were confronted by an individual who gave his name as Rick. Rick stated that he represented OSG at the request of Doc Bogart. Rick was not satisfied with Hulsey and Jeno's credentials and demanded their "Oath of Authority." Hulsey Decl. ¶¶ 4-7. When Hulsey and Jeno attempted to give Rick a copy of the injunction and explain their need to inspect the mine, Rick accused them of trespassing. Rick became confrontational and approached Jeno very closely. Hurley verbally cited OSG for denying entry to the mine, and left the premises. Hulsey Decl. ¶¶ 6-9. A copy of the written citation was subsequently mailed to OSG via certified mail. Hulsey Decl. ¶ 10; see also ECF No. 51-3 (Ex. A to Hulsey Decl.)

On the morning of April 15, 2013, Hulsey returned to OSG with Jeno and four deputy U.S. marshals including Newsom. Hulsey Decl. ¶ 11. Upon their arrival, Bogart ran up and confronted Newsom. Newsom advised Bogart that there was a court order requiring his cooperation with the mine inspection. Hulsey Decl. ¶ 12; Newsom Decl. ¶ 3. Bogart stated that he would not permit the inspection because the government did not have jurisdiction over him.

Newsom Decl. ¶¶ 3-5.  Bogart stated that the mine is nor under federal jurisdiction and that California is not within the jurisdiction of the United States of America.  Hulsey Decl. ¶ 13. Bogart refused to accept a copy of the permanent injunction from Hulsey.  Hulsey Decl. ¶ 14. He repeated over and over that the court orders were not valid.  Newsom Decl. ¶ 5.  Bogart finally told plaintiff's representatives to go get a warrant, and asked them to leave. Rather than escalate the confrontation, they did so.  Hulsey Decl. ¶¶ 15-16.

On the evening of Hulsey's April 15 visit, Bogart sent Hulsey an email regarding an alleged conspiracy between banks and governments that purportedly demonstrates the federal government's lack of authority over his mine.  Hulsey Decl. ¶ 17; see also ECF No. 51-4 (Ex. B to Hulsey Decl.)

According to MSHA's Data Retrieval System, OSG has received 27 MSHA citations for non-compliance since February 2006, and has paid none of them.  The outstanding penalties total $7,787.00.  Hulsey Decl. ¶ 18; ECF No. 51-5 (Ex. C to Hulsey Decl.)

**DISCUSSION**

Magistrate judges must refer contempt proceedings to district judges.  See  28 U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir.1996).  A magistrate judge may investigate whether further contempt proceedings are warranted and certify such facts to a district judge.  28 U.S.C. § 636(e); see also Alcalde, 580 F.Supp.2d at 971 ("Contempt proceedings are instituted by the issuance of an Order to Show Cause [] why a contempt citation should not issue and a notice of a date for the hearing.") (citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial at ¶ 11:2316).

Where contempt is sought to compensate an aggrieved party for failure of an adverse party to comply with court orders, the asserted contempt is civil in nature.  United States

v. Asay, 614 F.2d 655, 659 (9th Cir. 1980).[4] Civil contempt sanctions are intended to coerce compliance. Int'l Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 827 (1994). To find civil contempt: ". . . the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order." Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995). There need not be a willful violation of the order in order for the court to find civil contempt. Asay, 614 F.2d 661. See also United States v. Laurins, 857 F.2d 529, 534 (9th Cir. 1988).

As demonstrated by the facts certified above, it appears that defendant has willfully violated the court's order directing defendant to, *inter alia*, permit plaintiff to inspect its mines. The court's order was clear and unambiguous, and clear and convincing evidence establishes that defendant's representative Bogart wilfully failed to comply with the order. Defendant was served by mail with the court's permanent injunction, and plaintiff has produced evidence that OSG representatives were further informed of the order on the occasion of both attempted mine inspections. There is no indication that defendant was unable to comply with the permanent injunction. Moreover, by failing to appear for this court's hearing on plaintiff's motion, defendant and Mr. Bogart have declined to avail themselves of the opportunity to dispute the facts presented by plaintiff or to demonstrate inability to comply with the permanent injunction.

For these reasons, further contempt proceedings are warranted.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for an order to show cause (ECF No. 51) is granted;

---

[4] On the other hand, where contempt is imposed to vindicate the authority of the court following a completed act of disobedience, and the contemnor has no opportunity to purge himself of contempt, the contempt is criminal in nature. Bingman, 100 F.3d at 655-56.

2. Defendant and defendant's representative Bogart are hereby ordered to appear and show cause why they should not be found in contempt based upon the facts this court has certified;

3. A contempt hearing is set before the Honorable John A. Mendez, on August 7, 2013, at 11:00 a.m.;

4. The United States Marshal is directed to personally serve a copy of this order on Dale "Doc" Bogart as owner and representative of defendant Orland Sand & Gravel Corp., and to expeditiously file a proof of service; and

5. Mr. Bogart is cautioned that failure to appear at the hearing before the District Judge may result in issuance of a warrant for his arrest.

DATED: June 20, 2013

Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

soli1706.osc